ISAAC HENDRICKS VS. ROBERT LEWIS AND WILLIAM BROWN-
JOHN, CONSTABLE.

*Petition for Certiorari.*

The necessary equipments of a militia soldier, the implements of trade, necessary wearing ap-
parel, and bedding for self and family, cannot be made liable for debt by any process, parti-
cularly a distress warrant.

**By CHARLTON, Judge.**

THIS is a petition, verified by the oath of Isaac Hendricks, sta-
ting, among other matters : "That he has been tenant of a lot
and improvements, owned, as he believes, by one *Robert Lewis*,
since 13th December, 1820, rented by petitioner at the rate of
$275 per annum : that previous to the expiration of the second
quarter, and before the rent of that quarter became due, *Lewis*
went before a Justice of the Inferior Court, and made oath, that
the petitioner was indebted to him, in the sum of $68 75, due
for house rent : that thereupon, a distress warrant was issued
against the goods and chattels of petitioner : that *some* rent
was due, but petitioner denies that the second quarter's rent
was due : and that he was entitled to various credits, for goods
furnished at the commencement of the new lease, and moneys
advanced to said *Robert Lewis*, which goods and moneys, ought
to have been applied, and had been agreed between them,
should be applied to the first quarter's rent : that in violation
of this agreement, the said *Robert Lewis*, considered proper,
to apply the goods and moneys to the second quarter's rent,
and thereby made the law for collecting rents, an instrument
of oppression, availing himself of it, before his rent was fully
due : that under the authority of the Justice's warrant of dis-
tress, the Constable, *William Brownjohn*, distrained upon, and
took into his custody, the bed-clothing, and bedding of the pe-

PART I.—O.

titioner, his private bodily clothing, the necessary clothes of petitioner's wife, and children, one of whom is an infant, six months old: that nothing is left petitioner's wife, but a single change of dress, to petitioner's self, a pair of white summer breeches, and two or three shirts and cravats, save what they now wear: that even the caps, and other requisite articles of dress, have been taken from petitioner's infant: that petitioner's family, are divested of every article of kitchen furniture, save a common tea kettle, and are reduced to absolute penury: that the tables and chairs of petitioner's sitting room are taken, and, that of the house furniture, as he believes, remain but a few old broken cups, a coffee pot, and one or two table knives" :—If all this is true, a more complete sacking a poor lessee's habitation, cannot be found in the very full annals of bailiff hard-heartedness. At all events, it evidences a zeal, to execute process of this description, which can find no justification in law, and I am pretty sure, none in humanity.

On the return of this rule, the landlord, *Lewis*, shewed no cause against the application of the petitioner, and the Constable, *William Brownjohn*, obeyed the rule no further, than putting the Court in possession of the warrant, and a schedule of articles (without official signature) distrained, under its authority. This list or schedule, does not seem in any manner to contradict the statements and allegations of the petitioner, but rather to confirm them, in their full extent. The *motley*, miscellaneous enumerations of this inventory, shew, that the smallest chattels—some, that could have been of little value, or for which it would have been difficult to find purchasers at a public sale, were "*pointed* out by plaintiff," and I hope, for the honor of official duty, reluctantly seized by the Constable. In this inventory or schedule, are inserted, "1*st*. one bed and bedstead, with bedding, left with the plaintiff—2*d*. one trunk of clothing—3*d*. one small trunk of clothing unknown—4*th*. one do. do." Through the three last items,

the pen is drawn, with a view of obliterating them.   The inference is, that there is falsity in the statements of the petitioner as they relate to these articles of clothing, or, that the fact of their having been distrained, is concealed from me, by the loose, informal, and slovenly schedule, handed me by the Constable, as explanatory of his conduct under the warrant.   Until better instructed, I am at present inclined to believe all the allegations of the petition, and that these articles were distrained as therein set forth.   Assuming then, the facts of the petition, verified as they have been, and not controverted otherwise than as before suggested, I must, and do decide, that this distress warrant has been illegally and oppressively executed.   The mode only of collecting rent, has been changed by the laws of Georgia.   The principles and doctrines of the common, and statute law of England, so far as they do not militate with these laws, are still in force, provided the reason of our municipal relations, will permit their application, and as our laws are silent on the things to be distrained, we must necessarily resort to the English system, for their ascertainment.   According to that system, among many things exempted, such as utensils of a man's trade, *averia carucæ*, &c." a covenable distress, is not of armour or vessel, or apparel, or jewels, so long as there are other sufficient or covenable." (*Co. Litt.* 47.   2 *Inst.* 133.)   So by our laws, in analogy to that surrender, an insolvent is required to make of his goods and effects, his arms, implements of trade, necessary wearing apparel, and bedding for family are allowed to be retained— and no process, particularly a distress warrant, can render them liable for debt.   The laws of Georgia, so far respect the comforts of her citizens, as not to suffer them, under the pretext of her justice, to be stripped by relentless creditors or landlords, of the decencies of life.   Every officer knows this, and acting in violation of it, shall, as long as I preside here, receive appropriate animadversion, or punishment.   My duty is to do equal justice to the rich and to the poor, and especially to protect the latter—against

any oppressions, their miseries may have invited. This is one of those cases, as I collect, from the representations before me, representations, which the landlord has not condescended to confute, or, the Constable, in any material matter, to palliate. The Constable, on the contrary, instead of keeping possession of all the articles distrained, as was his bounden duty, until legally disposed of, has "left with plaintiff one bed and bedstead, with bedding," so it is mentioned in his inventory.

Upon the whole, it is *ordered* and adjudged, that on or before Friday next, the 6th of the present month, the necessary apparel of the said *Isaac Hendricks*, his wife and children, together with their bed and bedding, be, by said *William Brownjohn*, restored to said petitioner, *Isaac Hendricks :* and that the rule be, and is hereby made absolute for a *certiorari*, directed to the said *Robert Lewis* and *William Brownjohn*, returnable to the next Superior Court, to be held in and for the county of Chatham, upon the said *Isaac Hendricks'* giving good and sufficient security, to be approved by the Clerk of this Court, for the amount of rent sworn to be due, and costs, to abide the further order, judgment or decree of this Court, on the return of the certiorari aforesaid.

---

By Act of the General Assembly of the State of Georgia, passsd 23d. December, 1822, the following articles are exempted from levy and sale, on account of any debts contracted after that day, viz. : two beds and bedding, common bedsteads, a spinning wheel and two pair of cards, a loom, cow and calf, common tools of his trade, and ordinary cooking utensils, and ten dollars worth of provisions—to which is added by Act of 22d. December, 1834, the family Bible—and the benefit of the first mentioned Act, is extended to widows during widowhood and their families, by Act of 22d. December, 1835.—(*Ed.*)